# 95 DTA 170

**TRIBUNAL DE CIRCUITO DE APELACIONES DE PUERTO RICO
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

CARLOS DIAZ RIVERA Y OTRO
Querellante - Recurrido

v.

AUTORIDAD DE CARRETERAS Y TRANSPORTACION
Querellada - Recurrente

Núm. KLCE-95-00161

San Juan, Puerto Rico, a 31 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga

y los Jueces señora Pesante Martínez y señor Rivera Pérez

Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El presente recurso requiere una interpretación del ámbito del carácter confidencial de los expedientes de los empleados públicos según dispuesto en la Ley del Personal de Servicio Público, Núm. 5 del 14 de octubre de 1975. Esta dispone en su Sec. 5. 8 ▮▮ inciso 4, que:

*"Los expedientes individuales de los empleados tendrán carácter confidencial, excepto, que todo empleado tendrá derecho a examinar su expediente particular en compañía de un funcionario de la oficina de personal de su agencia."*

Los hechos que nos sirven de trasfondo son los siguientes:

El querellante recurrido presentó una querella alegando que había sido descendido del puesto de Ingeniero Gerencial Grado VI a uno Grado IV por alegadas motivaciones políticas. Alegó que había sido sustituido en el cargo por el Ing. Carlos Cruz quien alegó era un afiliado del Partido Nuevo Progresista mientras que el querellante lo era del Partido Popular Democrático.

Como parte del descubrimiento de prueba cursó un pliego de interrogatorios a la Autoridad de Carreteras y Transportación, querellada-recurrente que esta contestó. El querellante-recurrido no estuvo satisfecho con las contestaciones a preguntas y solicitó se le ordenara a la recurrente que las contestara más adecuadamente. En dos de esas preguntas solicitaba descubrir los expedientes personales de dos empleados. En su moción, al amparo de la Regla 34 de Procedimiento Civil, alegó al Tribunal de Instancia que en febrero de 1994 el Ing. Carlos Cruz comenzó a desempeñarse en el puesto de Supervisor Regional Ingeniero VI del cual fue descendido el querellante. Senaló asimismo, que en el caso del Ing. Francisco Marrero, otro de los expedientes que se interesa inspeccionar, éste había sido objeto de reclasificaciones similares al Ing. Carlos Díaz Rivera y que, por lo tanto, era necesario verificar si había habido consistencia en el tratamiento en casos de la misma naturaleza o similares al del querellante.

El Tribunal de Instancia acogió la moción y ordenó a la recurrente contestar en forma completa y responsiva las siguientes preguntas a las cuales les había dado las contestaciones que también se transcriben:

*"P: 12) Produzca copia certificada del expediente de personal del Ing. Carlos Cruz.*

*R: El expediente de personal solicitado es confidencial y la agencia no está autorizada a proveerle copia del mismo, ni permitirle acceso al mismo a nadie a menos que esté debidamente autorizado por. el dueño del expediente que sería el Ingeniero Carlos Cruz.*

*P: 17) En su defensa afirmativa número 5 la parte querellanda alega lo siguiente: "La acción de personal en este caso responde a una investigación que hizo la propia Autoridad de Carreteras en relación a expedientes de varios empleados de diferentes ideologías políticas en las cuales había ocurrido irregularidades en su nombramiento o ascenso".*

*c. ¿Quién o quiénes impartieron las instrucciones de llevar a cabo la investigación en relación a los expedientes de varios empleados de esa corporación pública?*

*d. De ser afirmativa la respuesta a la (s) pregunta (s) anterior (es), produzca copia de los documentos que justifican llevar a cabo la investigación aludida en la defensa afirmativa número 5 contenida en la Contestación a Querella de la parte querellada.*

*R: "17) (c) En la Oficina de Recursos Humanos, la señora Elba Rolón Córdova fue quien impartió las instrucciones, desconozco quien se las impartió a ella, pero supongo que fue siguiendo la línea de mando regular de la agencia.*

*(d) Las instrucciones se dieron de manera verbal."*

*P: 31) Exponga un resumen de lo que declarará cada uno de ellos [testigos].* ■

*R: "31) Cada uno de estos testigos declarará sobre lo que le conste del propio y personal conocimiento, acerca de los hechos relacionados con el caso. "*

*P: 35) Informe expresando el nombre de las partes, Número del Caso y Sala del Tribunal en que hayan sido radicados casos que contengan alegaciones de discrimen político radicados en contra de la Autoridad de Carreteras y Transportación.*

*R: "35) Se objeta la pregunta, por considerarse totalmente impertinente e irrelevante con el caso de autos.*

*P: 38) Indique el puesto que ocupa actualmente el Ing. Francisco Marrero.*

*b. Someta los documentos que permitió los ascensos a los puestos de Ingeniero IV, V, VI y VII del Ing. Marrero.*

*R: "38) (b) Son documentos que pertenecen al expediente personal del Ing. Marrero, los cuales son confidenciales. "*

Ante la orden dictada, la querellada-recurrente oportunamente acudió ante nosotros para que se eximiera de suplementar las contestaciones. En cuanto a las preguntas 12 y 38 alega como fundamento la confidencialidad dispuesta en la sección 5.8, inciso 4, de la Ley del Personal de Servicio Público así como la confidencialidad dispuesta en el inciso 3(b)■ del Artículo 20 del Reglamento de Personal de la Autoridad de Carreteras y Transportación de P.R., aprobado el 6 de agosto de 1992. No cuestiona la pertinencia o relevancia a los fines de

la controversia planteada de la documentación a ser inspeccionada.

La cuestión a resolver por tanto es si a la luz de las disposiciones estatutarias y reglamentarias aludidas el querellante no debe tener acceso a documentación que le podría ser necesaria para probar su alegación de discrimen político en su contra de parte de la propia agencia que le niega la inspección de los documentos.

Resolvemos que el reclamo de confidencialidad estatutaria debe equilibrarse con el derecho del querellante a obtener información que puede permitirle vindicar sus derechos constitucionales. Sin embargo, como disponemos más adelante, deben tomarse medidas al llevarse a cabo la inspección para proteger en todo lo posible material confidencial que no sea pertinente para la justa adjudicación de la controversia.

Nos guiamos en primer lugar por lo resuelto por nuestro Tribunal Supremo en *Rivera González v. Danny's Bakery,* 121, D.P.R. 304, 309 (1988) donde se invocó un privilegio estatutario de confidencialidad de carácter similar. Dijo nuestro más alto Tribunal:

*"Claramente, el propósito primordial del privilegio es dotar al Secretario con un instrumento de investigación y fomentar la cooperación con su labor. Este género de legislación es común en otras jurisdicciones. Véase M.S. Wallace, Discovery of Government Documents and the Official Information Privilege, 76 Colum. L. Rev. 142 (1976). No obstante, el reconocimiento de dicho privilegio no implica que una vez se presenta la reclamación en el foro judicial el patrono no pueda descubrir prueba mediante interrogatorio o deposición conforme a las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. La propia ley en su texto le reconoce la facultad de someter un interrogatorio. 32 L.P.R.A. sec. 3120. Siempre que no se menoscabe el propósito del privilegio, el querellado tiene el derecho a obtener aquella información indispensable para la preparación de su defensa en el proceso judicial."*

Otras autoridades de gran peso persuasivo concuerdan con que este es el enfoque correcto:

*"State cases of governmental privilege seem to follow the same approach (citas omitidas). The granting or withholding of any privilege requires a balancing of competing policies, 8 Wigmore, Sec. 2285 at 527-528".* Carr v. Monroe Manufacturing Co., 431 F2d 384, 388 (1970).

En una situación como la planteada ante nos, la función judicial es tratar de equilibrar razonablemente los dos intereses en conflicto. Por un lado, está el interés del querellante de poder probar una violación a sus derechos constitucionales contra discrimen de carácter racial, sexual o político, acción que debe recibir el amparo y protección de los tribunales. Del otro lado, la necesidad de proteger material personal de carácter confidencial sobre el empleado. La interpretación de un estatuto creando un derecho de confidencialidad debe examinarse a la luz de estos intereses que pueden estar en conflicto.

Como se señaló por el Tribunal Supremo de los Estados Unidos en *University of Pennsylvania v. E.E.O.C.,* 493 U.S. 182, 193 (1990) en relación con un alegado discrimen académico por razón de raza:

*"Nor need we question, at this point, petitioner's assertion that confidentiality is important to the proper functioning of the peer review process under which many academic institutions operate. The costs that ensue from disclosure, however, constitute only one side of the balance. As Congress has recognized, the costs associated with racial and sexual discrimination in institutions of higher learning are very substantial. Few would deny that ferreting out this kind of invidious discrimination is a great, if not compelling, governmental*

*interest. Often, as even petitioner seems to admit, see Reply brief for Petitioner 15, disclosure of peer review materials will be necessary in order for the Commission to determine whether illegal discrimination has taken place. Indeed, if there is a "smoking gun" to be found that demonstrates discrimination in tenure decisions, it is likely to be tucked away in peer review files."*

En un caso como el presente donde se alega la existencia de discrimen de parte de la entidad que reclama el privilegio, es también aplicable lo señalado en *Carr v. Monroe Manufacturing Co.,* 431 F2d 384 (1970) a los efectos de que:

*"Making even more compelling the need for judicial evaluation of the availability of the privilege is the fact that this is a suit against the highest official of the very government agency asserting the privilege. In such cases there is a special danger in the government official having the power to define the scope of his own privilege free of supervision by the courts... We conclude by holding that to sustain the assertion of privilege of concealment under the specific situation before the court would be tantamount to abdicating an inherent judicial function of determining the facts upon which admissibility of evidence in a case depends".* P. 389.

Resolvemos que el privilegio que confiere la Sección 5.8 contra la divulgación de los expedientes individuales de los empleados públicos cubiertos por la Ley de Personal del Servicio Público no alcanza a inmunizar su examen contra una orden del tribunal disponiendo su inspección en aquellos casos donde se ha cumplido con el criterio de relevancia y sujeto a las medidas protectivas que impidan que cualquier información confidencial no relevante sea mal utilizada. Véase *Jepsen v. Florida Board of Regents,* 610 F2d 1379 (1980). En atención al interés de la confidencialidad, el Tribunal debe tomar aquellas medidas que protejan al empleado individual contra la revelación innecesaria de material confidencial, especialmente de carácter no relevante a la controversia planteada. Como se señaló en *Carr v. Monroe Manufacturing Co.,* 431 F2d 384, 389 (1970).

*"As a corollary, a trial court is duty-bound, where it orders production of documents in which there are strong policy reasons against public disclosure, to limit the availability and use of those documents and their contents by carefully drawn protective provisions. (citas omitidas). The court below entered extensive protective orders circumscribing access to and copying and use of the documents. The defendants state that some of the documents contain data concerning employment applicants, obtained in personal interviews and elsewhere, of a nature that wold be embarrassing or denigrating to reveal - for example, physical or emotional handicaps, diseases disqualifying an applicant for certain employment, dissatisfaction with present employment. MESC can review its record and in any instance where such information appears can seek from the District Judge further protective orders that will give appropriate regard to the privacy and the dignity of the individuals affected."* P. 390

En atención a lo anterior el juez de instancia deberá llevar a cabo una inspección en Cámara con la asistencia únicamente de los abogados de las partes los cuales podrán inspeccionar los expedientes sin poderlos copiar. Luego de dicha inspección, el Tribunal de Instancia permitirá a la parte querellante copiar únicamente aquellas porciones del récord del expediente que determine contiene prueba relevante y admisible en cuanto a la cuestión del alegado discrimen. El Tribunal de Instancia realizará en primer lugar la inspección de los expedientes y podrá disponer que cualquier material que pueda resultar en detrimento de la privacidad del expediente del empleado y que no tiene materialidad con la controversia no sea examinado.

Habiendo resuelto la cuestión principal presentada queda por resolver si a los dos

empleados afectados debe informárseles del examen de sus expedientes en tales condiciones. Resolvemos que sí y que una vez informados podrán ejercer el derecho a tener un representante presente en la inspección en Cámara para señalar al Tribunal cualquier reclamo sobre material no pertinente que deba ser protegido contra divulgación.

Lo anterior dispone del recurso en cuanto a las objeciones a las contestaciones a las preguntas 12 y 38(b). En cuanto al reclamo de la parte recurrente de que la pregunta 17 fue adecuadamente contestada, se le requería informara quién o quiénes impartieron las instrucciones para llevar a cabo la investigación en relación con los expedientes de los varios empleados de la corporación. La parte recurrente se limitó a contestar que la Sra. Elba Rolón Córdova fue la que impartió las instrucciones pero que desconocía quién se las impartía a ella, *"pero supongo que fue siguiendo la línea de mando regular de la Agencia"*. Es claro que la parte recurrente debe tener en su poder la información que con más precisión puede señalar la persona que originó las instrucciones. Esta es prueba que podría ser conducente a obtener prueba admisible sobre el alegado discrimen.

Por los fundamentos antes expuestos expedimos el recurso y confirmamos la resolución recurrida en cuanto a las preguntas 17, 31 y 35. Regla 23(1) (b) de Procedimiento Civil y *Olivieri v. Pierluisi,* 113 D.P.R. 790 (1983). En cuanto a las objeciones a las contestaciones a las preguntas 12 y 38 (b) se modifica la resolución recurrida de conformidad.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 170**

**1.** 13 L. P.R.A., Sec. 1348.

**2.** A pesar de que en el texto de la resolución recurrida se ordena a la recurrente contestar la pregunta número 3, ello es un error de tipografía. El original de la orden, escrita a puño y letra del Juez de Primera Instancia, menciona la pregunta número 31. La Secretaría del Tribunal de Primera Instancia nos comunicó por vía telefónica que en el proceso de transcribir la orden a máquina se cometió el error de escribir el número 3 donde debió haber constado el número 31.

**3.** El inciso provee que los expedientes individuales de los empleados tendrán carácter confidencial y podrán ser examinados para fines oficiales o cuando lo autorice por escrito el propio empleado para otros fines. El custodio de los expedientes será responsable por la confidencialidad y el uso o divulgación en forma escrita y oral de la información contenida en los expedientes, en su contra de parte de la propia agencia que le niega la inspección de los documentos.